UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
1325 ATLANTIC REALTY LLC,

                Plaintiff,                          **MEMORANDUM AND ORDER**
                                                          22-CV-1047 (RPK) (VMS)
        v.

BROOKLYN HOSPITALITY GROUP LLC,
LAZAR WALDMAN, and SANDS CAPITAL
GROUP LLC,

                Defendants.
------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

Plaintiff 1325 Atlantic Realty LLC removed this case from state court on the theory that the claims arise in or are related to plaintiff's Chapter 11 bankruptcy proceeding. *See* 28 U.S.C. § 1452(a). Defendants move to remand. For the reasons discussed below, defendants' motions are denied and this case is referred to the United States Bankruptcy Court for the Eastern District of New York in connection with plaintiff's pending bankruptcy case, *In re 1325 Atlantic Realty LLC*, No. 22-BK-40277 (NHL) (Bankr. E.D.N.Y.).

## BACKGROUND

Plaintiff owns property at 1325-1339 Atlantic Avenue in Brooklyn, New York. Compl. ¶ 2 (Dkt. #1). Defendant Brooklyn Hospitality Group LLC ("BHG") entered into an agreement to lease and construct a hotel on the property, and defendant Lazar Waldman agreed to guarantee BHG's obligations under the lease. *See id*. at ¶¶ 6–7, 9. Plaintiff asserts that BHG stopped paying rent, abandoned the property, and took actions resulting in at least fifteen mechanic's liens being filed against the property. *Id*. at ¶¶ 14–16. Plaintiff also asserts that BHG improperly obtained a mortgage from defendant Sands Capital Group LLC, which filed a lien on the property. *Id*. at ¶ 17.

1

In September 2021, plaintiff filed suit in New York state court against all three defendants for breach of contract, ejectment/possession, unjust enrichment, and to quiet title. *Id*. at ¶¶ 40–71. Plaintiff requested monetary damages, full and immediate possession of the property, and a declaratory judgment that Sands Capital's mortgage is either invalid or subordinate to plaintiff's rights in the property. *Id*. at ¶¶ 45, 52, 56, 67–68. BHG filed two counterclaims against plaintiff, seeking a constructive trust on fifty percent of the property and monetary damages for improvements made to the property. *See* Not. of Removal 2 (Dkt. #1). Sands Capital also filed counterclaims, seeking declaratory judgments that its mortgage is valid and superior to plaintiff's rights in the property and that it is entitled to commence a foreclosure action. *See id*. at 2–3.

In February 2022, plaintiff filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York. *See In re 1325 Atlantic Realty LLC*, No. 22-BK-40277 (NHL) (Bankr. E.D.N.Y.). Plaintiff asserts that it "owns the Property as its only asset" and that it "filed this case due to [the] ongoing dispute with [BHG]," which allegedly "left the [plaintiff] pursuing and defending multiple litigations and scrambling to ensure it maintains possession of the Property." Decl. of Esther Green ¶ 6, *In re 1325 Atlantic Realty LLC*, No. 22-BK-40277 (NHL) (Bankr. E.D.N.Y.) (Dkt. #7). Plaintiff then removed the state-court action to federal court, asserting that the claims "arise in and/or are related to a Chapter 11 bankruptcy case pending in the Bankruptcy Court." Not. of Removal 3; *see* 28 U.S.C. §§ 1334(b), 1452(a).

Defendants move to remand. *See* Letter Mot. to Remand by Sands Capital ("Sands Capital Mot.") (Dkt. #10); Letter Mot. to Remand by BHG and Lazar Waldman ("BHG Mot.") (Dkt. #13). They argue that the claims in this action are merely "related to" plaintiff's bankruptcy proceeding and that abstention is mandatory under 28 U.S.C. § 1334(c)(2). Defendants also argue that if

2

abstention is not required, the Court should permissively abstain under 28 U.S.C. § 1334(c)(1) or equitably remand the case under 28 U.S.C. § 1452(b).  Sands Capital Mot. 1–3; BHG Mot. 2–3.

Defendants have since filed proofs of claim in the bankruptcy proceeding.  *See* Proofs of Claim Nos. 12, 13, 15-2, *In re 1325 Atlantic Realty, LLC*, No. 22-BK-40277 (Bankr. E.D.N.Y.).  BHG and Waldman assert, as they do in this action, that the "lease operates as an equitable mortgage" and that they are entitled "to all construction costs and expenses to develop the Property."  BHG and Waldman Proof of Claim 4–5, *In re 1325 Atlantic Realty, LLC*, No. 22-BK-40277 (Bankr. E.D.N.Y.) (Dkt. #43-5).  Sands Capital also filed a proof of claim relating to its mortgage, and it attached its counterclaims as an appendix in support of that claim.  Sands Capital Proof of Claim 4–26, *In re 1325 Atlantic Realty, LLC*, No. 22-BK-40277 (Bankr. E.D.N.Y.) (Dkt. #59-11).  Plaintiff objected to each defendant's proof of claim.  Fifteen other creditors have filed proofs of claim in the bankruptcy action, and plaintiff has not yet filed a Chapter 11 plan.  *See generally In re 1325 Atlantic Realty, LLC*, No. 22-BK-40277 (Bankr. E.D.N.Y.).

## DISCUSSION

Defendants' motions are denied.  Mandatory abstention is improper because this action involves a "core" bankruptcy proceeding, and I decline to exercise my discretion to permissively abstain or equitably remand this action.

## I. Mandatory Abstention Is Improper Because This Action Involves a Core Bankruptcy Proceeding

Defendants' requests for mandatory abstention are denied.  District courts have jurisdiction over cases "arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  A party may generally remove any action that falls within the scope of this jurisdiction.  *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 444–45 (2d Cir. 2005); *see* 28 U.S.C.

§ 1452(a).  However, district courts are required to abstain from hearing "non-core" bankruptcy proceedings under certain circumstances.  The abstention statute provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).  "[W]here a matter constitutes a core proceeding, the mandatory abstention provisions of section 1334(c)(2) are inapplicable."  *In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002).

Proceedings that arise under the Bankruptcy Code or that arise in a bankruptcy case are "core" bankruptcy proceedings.  *In re Robert Plan Corp.*, 777 F.3d 594, 596 (2d Cir. 2015).  These "include, but are not limited to . . . matters concerning the administration of the estate," "counterclaims by the estate against persons filing claims against the estate," "determinations of the validity, extent, or priority of liens," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship."  28 U.S.C. § 157(b)(2)(A), (C), (K), (O).

"[T]he Second Circuit [has] rejected" defendants' position "that core proceedings are limited to proceedings that are based on the Bankruptcy Code or that can arise only in the context of a bankruptcy case."  *In re Ames Dept. Stores, Inc.*, No. 06-CV-5394 (BSJ) (THK), 2008 WL 7542200, at *8 (S.D.N.Y. June 4, 2008) (citing *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1400 (2d Cir. 1990)), *aff'd*, 319 F. App'x 40 (2d Cir. 2009); *see* BHG Mot. 1; Sands Capital Mot. 2.  Instead, the Second Circuit has held that contract disputes—such as the one presented here—can be core proceedings, depending on "(1) whether the contract is antecedent to the reorganization petition;

and (2) the degree to which the proceeding is independent of the reorganization." *Mt. McKinley*, 399 F.3d at 448 (quoting *In re U.S. Lines*, 197 F.3d 631, 637 (2d Cir. 1999)).  While disputes over a debtor's pre-petition contracts do not qualify as core proceedings as a matter of course, under the second factor, "they may nevertheless qualify as core proceedings based on the impact these contracts have on other core bankruptcy functions." *U.S. Lines*, 197 F.3d at 637.

This action involves a core bankruptcy proceeding because of its effect on core bankruptcy functions.  *See id.* at 638.  The debtor's only asset is the property at issue in this contract dispute. *See* Decl. of Esther Green ¶ 6, *In re 1325 Atlantic Realty LLC*, No. 22-BK-40277 (NHL) (Bankr. E.D.N.Y.).  BHG and Waldman assert that they are entitled to at least fifty percent ownership in the disputed property, and Sands Capital seeks a declaratory judgment that its mortgage supersedes plaintiff's rights in the property and that it is entitled to commence a foreclosure action.  *See* Not. of Removal 2–3.  Resolution of this action therefore directly affects the core bankruptcy functions of administering assets in the bankruptcy estate and determining the validity and priority of liens. *See* 28 U.S.C. § 157(b)(2)(A), (K); *cf. U.S. Lines*, 197 F.3d at 638 (concluding that a dispute over pre-petition contracts was a core proceeding because of "the impact these contracts have on other core bankruptcy functions," in part because the contracts at issue were potentially the debtor's "most important asset," and the contractual dispute was therefore "bound to have a significant impact on the administration of the estate").

Moreover, the disputes in this proceeding parallel the disputes underlying proofs of claim that defendants have filed in the bankruptcy court.  *See* Debtor's Objections to Proofs of Claim, *In re 1325 Atlantic Realty, LLC*, No. 22-BK-40277 (Bankr. E.D.N.Y.) (Dkt. ##43, 59).  Accordingly, this action's resolution will directly affect the bankruptcy court's core functions.  *See* 28 U.S.C. § 157(b)(2)(C) (defining core proceedings to include "counterclaims by the estate against persons

filing claims against the estate"); *Ames Dept. Stores, Inc.*, 319 F. App'x at 41 ("[T]his Court has concluded that a dispute which 'involve[s] an issue already before the bankruptcy court as part of its consideration of [one party's] claim against the estate' affects a core bankruptcy function.") (citation omitted); *In re Strathmore Grp., LLC*, 522 B.R. 447, 454 (Bankr. E.D.N.Y. 2014) ("This Court has core jurisdiction to consider the state law issues in the . . . proceedings, because their resolution will form the basis of this Court's determination, under bankruptcy law, whether the Building is property of a bankruptcy estate and whether [a creditor] has an allowed proof of claim against [the debtor].").

Because the claims in this action are core, mandatory abstention is improper. *See* 28 U.S.C. § 1334(c)(2); *Petrie Retail, Inc.*, 304 F.3d at 232. I therefore decline to address whether the other factors in Section 1334(c)(2) are satisfied.

## II.     Permissive Abstention and Equitable Remand Are Unwarranted

Defendants' requests for permissive abstention and equitable remand are denied. District courts are permitted under certain circumstances to abstain from hearing or to equitably remand an action to state court, regardless of whether it involves core bankruptcy claims. *See* 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."); *id.* § 1452(b) ("The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."). However, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), and defendants bear the burden of establishing that permissive abstention or equitable remand is warranted, *CAMOFI Master LDC v. U.S. Coal Corp.*, 527 B.R. 138, 143 (Bankr. S.D.N.Y. 2015) (collecting cases).

In deciding whether to permissively abstain from hearing a proceeding, courts consider the following factors:

(1) the effect or lack thereof on the efficient administration of the [bankruptcy] estate if a Court recommends abstention,
(2) the extent to which state law issues predominate over bankruptcy issues,
(3) the difficulty or unsettled nature of the applicable state law,
(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,
(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
(7) the substance rather than form of an asserted 'core' proceeding,
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
(9) the burden o[n] [the court's] docket,
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping,
(11) the existence of a right to a jury trial, and
(12) the presence in the proceeding of nondebtor parties.

*Libertas Funding, LLC v. ACM Dev., LLC*, No, 22-CV-787 (HG) (MMH), 2022 WL 6036559, at *3 (E.D.N.Y. Oct. 7, 2022) (citation omitted).  Courts consider a slightly shorter list of factors when assessing equitable remand, but "[t]he criteria . . . are essentially the same and are often analyzed together."[*]   *Ibid*. (citation and quotation marks omitted).  "The analysis 'is not a mechanical or mathematical exercise' and the court 'need not plod through a discussion of each factor.'" *In re Tronix*, 603 B.R. 712, 726 (Bankr. S.D.N.Y. 2019) (citation omitted).

The first, sixth, and seventh factors weigh heavily against permissive abstention.  As discussed above, this action involves issues that are central to plaintiff's bankruptcy proceeding. *See* pp. 5–6, *supra*.  Defendants have filed proofs of claim mirroring their counterclaims in this

---

[*] Those factors are: "(1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed [parties]." *Ibid.*

action, and plaintiff has objected.  *See* Debtor's Objections to Proofs of Claim, *In re 1325 Atlantic Realty, LLC*, No. 22-BK-40277 (Bankr. E.D.N.Y.).   The bankruptcy court must therefore determine whether to sustain plaintiff's objections, which requires the resolution of the issues in this action.  And because the parties' dispute concerns the ownership of plaintiff's sole asset, the bankruptcy estate cannot be efficiently administered until this action is resolved.  This action is thus inextricably intertwined with the bankruptcy proceeding, and abstention would both waste judicial resources and cause delay.

By contrast, the second and fifth factors weigh in favor of abstention.  This action contains exclusively state-law claims that were filed before plaintiff applied for bankruptcy, and Section 1334 is the only basis for federal jurisdiction.  *See* Compl. ¶¶ 40–71; Not. of Removal 2– 3.  However, "the bankruptcy judges in this district, and the district judges here, address matters of state law on a regular basis," and the state-law issues in this action do not appear to be particularly novel, complex, or unsettled. *In re Adelphia Comms. Corp.*, 285 B.R. 127, 145 (Bankr. S.D.N.Y. 2002).

The remaining factors do not weigh strongly in favor of abstention or referral.  Because courts have a "virtually unflagging obligation" to exercise jurisdiction, *Colo. River Water Conservation Dist.*, 424 U.S. at 817, and permissive abstention should be exercised only "sparingly" in "narrow circumstances," *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011); *In re Residential Cap., LLC*, 519 B.R. 890, 903 (Bankr. S.D.N.Y. 2014), I decline to abstain from hearing this proceeding.  And for substantially the same reasons, I decline to equitably remand this action.  *See Libertas*, 2022 WL 6036559, at *3.

**CONCLUSION**

Defendants' motions to remand are denied.  Pursuant to 28 U.S.C. § 157(a) and this Court's Standing Orders of Reference dated August 28, 1986, and December 5, 2012, this action is referred to the Bankruptcy Court for the Eastern District of New York in connection with *In re 1325 Atlantic Realty LLC*, No. 22-BK-40277 (NHL) (Bankr. E.D.N.Y.).

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: March 22, 2023
       Brooklyn, New York